UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN LA'VON GILES,

        Plaintiff,                                        Case No. 1:24-cv-11052

v.                                                Honorable Thomas L. Ludington
                                                      United States District Judge
PAUL RICH, et al.,

        Defendants.
_____/

**OPINION AND ORDER *SUA SPONTE* DISMISSING *PRO SE* PRISONER COMPLAINT AND DENYING MOTION TO APPOINT COUNSEL AS MOOT**

Plaintiff Kevin La'Von Giles is currently incarcerated at the Sanilac County Jail in Sandusky, Michigan. In April 2024, Plaintiff sued the Sanilac County Sheriff, three Sanilac County deputies, and the food service department at the Thumb Correctional Facility, alleging these Defendants deprived Plaintiff of various constitutional rights in violation of 42 U.S.C. § 1983. For reasons explained below, Plaintiff's *pro se* prisoner Complaint will be *sua sponte* dismissed for frivolity and failure to state a claim pursuant to the Prison Litigation Reform Act's screening requirement.

**I.**

On April 22, 2024, while confined at the Sanilac County Jail ("SCJ") in Sandusky, Michigan, Plaintiff Kevin La'von Giles filed a *pro se* Complaint alleging Defendants Sanilac County Sheriff Paul Rich, Sergeant "A. Morden," Sergeant "M. Tank," Sergeant "T. Kensley," and Thumb Correctional Food Service deprived him of his Eight Amendment, Fourteenth Amendment, and First Amendment rights in violation of 42 U.S.C. § 1983. ECF No. 1. Plaintiff

sues all Defendants—including Thumb Correctional Food Service—in both individual and official capacities. *Id.* at PageID.2–4.

Although unclear, Plaintiff's *pro se* Complaint alleges three distinct claims. First, Plaintiff alleges he is "being discriminat[ed] against" because he is confined in SCJ's "B-Unit," which "is where all the sex case[]" offenders are confined, and Plaintiff is only "let out [of his] room each day for 5 hours, but the rest of the jail is let out [for] more than 5 hours a day." *Id.* at PageID.16. Second, Plaintiff alleges that he was receiving "diet trays" due to his need for insulin but that the "food potions" of the diet trays at SCJ are "kid size" and SCJ has "refuse[d] to deal with this issue." *Id.* at PageID.8, 17. Third, Plaintiff alleges that SCJ "skim[s] and cop[ies] [his] legal mail" and refuses to give him "the original documents." *Id.* at PageID.18. Plaintiff alleges he has suffered mental and emotional distress and accordingly seeks "70 million[] dollars" and unspecified declaratory and injunctive relief. *Id.* at PageID.9.

## II.

The Prison Litigation Reform Act ("PLRA") authorizes the Court to *sua sponte* dismiss a prisoner complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a

complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978).

### III.

### A. Yard Time Discrimination

Plaintiff first alleges that he is "being discriminat[ed] against" because he is confined in SCJ's "B-Unit" alongside sex offenders and is only allowed out his cell for five hours each day, while other SCJ inmates are "let out more than 5 hours a day." ECF No. 1 at PageID.16.

Plaintiff has not stated a plausible Eighth Amendment claim. *See, e.g., Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011) (finding no Eight Amendment violation when Plaintiff did not "assert[] that he was denied any basic human needs"); *Resch v. Wash.*, No. 21-cv-293, 2022 U.S. Dist. LEXIS 71727, 2022 WL 1153132, at *9-10 (W.D. Mich. Apr. 19, 2022) (collecting cases and concluding plaintiff's allegations of insufficient out-of-cell exercise time did not rise to the level of an Eighth Amendment violation).

To the extent Plaintiff attempts to argue that SCJ's provision of less yard time to sex offenders violates the Fourteenth Amendment Equal Protection Clause, Plaintiff similarly fails to state a claim. The Fourteenth Amendment "Equal Protection Clause prohibits discrimination by government which[] burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty. Ohio*, 430 F.3d 783, 788 (6th Cir. 2005). But

"yard time" is not a fundamental right. *See Gray v. Hill*, No. 2:13-CV-02456-MCE AC, 2014 WL 1839073, at *2 (E.D. Cal. May 8, 2014). And Courts consistently recognize that "prisoners are not a suspect class," *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000), "nor are classifications of prisoners." *Mader v. Sanders*, 67 F. App'x 869, 871 (6th Cir. 2003). Thus, under rational basis review, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Nothing in Plaintiff's *pro se* Complaint plausibly suggests such intentional arbitrary discrimination.

In sum, whether construed under the Eight or Fourteenth Amendment, Plaintiff's allegations concerning his out-of-cell access fail to state a claim for which relief can be granted.

### B. Diet Tray Portion Size

Plaintiff next claims that SCJ's diet food trays—which he received because of his insulin prescription—were "kid sized.". ECF No. 1 at PageID.8, 17. Yet Plaintiff notes that, at some unidentified point in time, he "g[o]t off" the diet trays, and is now receiving regular meals. *See id.* at PageID.17.

Like his "yard time" claim, Plaintiff's diet-tray claim, as alleged, does not rise to the level of a plausible Eighth Amendment violation. To prevail on an Eighth Amendment claim, a prisoner must show that he or she faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Beyond describing the diet trays as "kid sized," Plaintiff does not allege that the diet trays posed any risk to his health and safety, let alone a "sufficiently serious" risk to constitute a plausible Eighth Amendment violation. *See* ECF No. 1 at PageID.17.

The Eighth Amendment also imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate . . . food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832). But Plaintiff has not shown that this duty was plausibly neglected. Indeed, the Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). And the Sixth Circuit routinely recognizes that a deprivation of some meals over a limited time is not a deprivation of the prisoner's Eighth Amendment rights. *See Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (holding that the denial of seven meals over six days did not violate the Eighth Amendment); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (concluding that the denial of five meals over three consecutive days, and a total of seven meals over six consecutive days, did not violate the Eighth Amendment, especially where the prisoner plaintiff failed to allege that his health suffered); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (finding no Eighth Amendment violation when jail provided a prisoner only one meal per day for fifteen days because the meals contained sufficient nutrition to sustain the prisoner's health); *see also Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 216 (6th Cir. 2001) (noting plaintiff failed state a plausible Eighth Amendment claim because he "did not allege that he was denied sufficient food on a daily basis or that he could not maintain his health based on the diet provided [to] him even though one of the six meals he received per day may have consisted of one cup of fruit").

Even if SCJ's provision of "kid sized" diet trays constituted a plausible Eighth Amendment violation, Plaintiff's § 1983 claim would still be dismissed. Plaintiff's Complaint does not allege that any named Defendant was personally responsible for providing the smaller "diet tray" portions to Plaintiff, nor that any named Defendant was deliberately indifferent to Plaintiff's health. *See*

ECF No. 1. In this way, Plaintiff's Complaint is devoid of any allegations from which this Court could infer any Defendants' *personal capacity* liability under § 1983. *See Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (noting § 1983 plaintiff alleging personal capacity liability must show an officer's active participation in the alleged unconstitutional conduct, or that they implicitly authorized, approved, or knowingly acquiesced in it). And although each Defendant is sued in their *official capacity*, too, Plaintiff does not plead any facts supporting *Monell* official capacity liability. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) ("There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.").

In sum, Plaintiff fails to state a valid § 1983 claim concerning the portion size of the diet trays he once received while confined at SCJ.

### C. Legal Mail

Finally, Plaintiff alleges that the "Jail continue[s] to skim[] and copy [his] legal mail" and prevents him from "keep[ing] the original documents," instead only providing him with "copies." ECF No. 1 at PageID.18. This, too, fails to state a plausible § 1983 claim.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right to access the courts and legal system. To state a claim for a deprivation of this right, though, an inmate must show that any shortcomings in his institution's library, litigation tools, or legal assistance caused *actual injury* in his pursuit of a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Accordingly, an inmate plaintiff must specifically allege that he or she was adversely affected or that their legal

proceedings were prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 U.S. App. LEXIS 34257, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994).

Plaintiff's *pro se* Complaint does not contain any such allegations. Indeed, from the little factual allegations this Court can glean from Plaintiff's Complaint, it appears the Jail is providing him with copies of all documents relevant to his legal proceedings. ECF No. 1 at PageID.18. Although Plaintiff seems to believe he should be provided with the "original documents," he does not explain how his provided copies prejudice his proceedings or injure him in any way. *See id.* Plaintiff's access-to-courts claim will accordingly be dismissed for frivolity and failure to state a claim. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("Plaintiff failed to state an access to the court claim because he did not demonstrate actual prejudice to pending or contemplated litigation. Likewise, his conclusory, unsupported statements alleging his legal mail was opened were insufficient to state a claim.")

## IV.

Accordingly, it is **ORDERED** that, under 42 U.S.C. § 1915(e)(2), Plaintiff's *pro se* Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE.**

Further, it is **ORDERED** that Plaintiff's *pro se* Motion to Appoint Counsel, ECF No. 7, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: September 10, 2024            s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge